IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 11-CR-30233-SPM |
| LONNIE EDWARDS, | |
| Defendant. | |

# ORDER

**McGLYNN, District Judge:**

This matter is before the Court on the Motion to Vacate Conviction filed by Lonnie Edwards ("Edwards") (Doc. 34). For the reasons set forth below, the motion is DENIED.

### BACKGROUND

On December 14, 2011, a grand returned an indictment charging Lonnie Edwards with one count of felon in possession of a firearm in violation of 18 U.S.C. §922(g)(1) (Doc. 1). The indictment was based upon an incident that occurred on or about September 28, 2011, in St. Clair County, Illinois, and referenced Edwards' prior felony conviction for aggravated unlawful use of weapon, *i.e.,* St. Clair County, Illinois cause 09-CF-928.

On January 30, 2012, Edwards pled guilty to the offense pursuant to a written plea agreement (Doc. 16). Within the agreement, Edwards admitted that he is "actually guilty" and will enter a plea of guilty to … "felon in possession of a firearm." Edwards further agreed with the government that the first essential element of the offense was, "Prior to September 28, 2011, Defendant had been convicted in a court of a crime

punishable by imprisonment for a term exceeding one year"[1]. Edwards also stipulated to having been convicted of a crime punishable by imprisonment for a term exceeding one year and to having "knowingly possessed" a firearm on September 28, 2011 in the stipulation of facts that was entered on the same date as the plea (Doc. 17).

Prior to sentencing, U.S. Probation prepared a Presentence Investigation Report ("PSR") which also noted that Edwards had admitted to "knowingly possessing" a firearm on September 28, 2011 (Doc. 23). No objections were filed regarding the PSR. According to the PSR, Edwards had two prior felony convictions: (1) 09-CF-928 that was previously addressed, and (2) 88-CF-740, First Degree Murder out of St. Clair County. Additionally, Edwards was on parole in both cases when he was charged with felon in possession of firearm in this district.

On June 1, 2012, Edwards was sentenced by the Honorable Michael J. Reagan to a total term of imprisonment of 37 months and one year of supervised release (Doc. 26). Edwards was also ordered to pay a $100 special assessment. *Id*. The sentence was ordered to run concurrently with the sentence imposed in Case No. 19-30154-NJR, which was also 160 months' imprisonment and five years' supervised release. Edwards did not file a direct appeal in either case.

On September 12, 2013, the Illinois Supreme Court held that the statute of the felony offense of aggravated unlawful use of weapon, which prohibited the possession and use of an operable firearm for self-defense outside the home facially violated the Second Amendment right to keep and bear arms. *People v. Aguilar*, 2 N.E.2d 321 (Ill. 2013). As such, Edwards prior 2009 conviction for AUUW was vacated.

---

[1] This Court is constrained to note that the elements do not refer to any specific crime, only that the defendant had been convicted of a crime punishable by more than one year incarceration.

On September 5, 2023, Edwards filed the instant motion, arguing that his conviction for felon in possession of firearm should be vacated because the predicate offense was vacated pursuant to Aguilar (Doc. 34). On September 19, 2023, the government filed its response.

## ANALYSIS

The government raised the following three arguments in its response to Edwards' motion: (1) this motion should have been brought as a motion to vacate, set aside or correct sentence in a separate civil action as he is attacking his conviction, (2) Edwards cannot attack an expired federal sentence in a § 2255 motion, and (3) even if one treats his motion as a motion for writ of error coram nobis, it would fail on the merits because the relevant inquiry is whether the defendant was a felon at the time he possessed the firearm (Doc. 40).

### I. Motion to Vacate, Set Aside or Correct Sentence

In general, a motion under 28 U.S.C. § 2255 is the exclusive means for a federal prisoner to attack his conviction or sentence. *See Kramer v. Olson,* 347 F.3d 214, 217 (7th Cir. 2003). Indeed, Title 28, Section 2255 of the United States Code requires a court to vacate, set aside, or correct the sentence of a prisoner in custody if it finds that "the sentence was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255 (2008).

Although Edwards did not indicate that his motion was being brought pursuant to Section 2255, [C]ourts sometimes treat motions filed by prisoners as motions under §2255 even if they are not labeled as motions under §2255. *Castro v. United States*, 540 U.S. 375, 377 (2003). For example, the Seventh Circuit has explained that "a postconviction motion that is functionally, substantively, a motion under section

2255 (the federal prisoner's habeas corpus substitute) should be treated as such, even if labeled differently." *Henderson v. United States*, 264 F.3d 709, 710 (7th Cir. 2001).

Assuming arguendo that Edwards filed this motion under Section 2255, his motion was not filed within the applicable time period. While a one-year period of limitation applies to motions under 2255, that time frame runs from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f).

In this case, Edwards did not appeal his conviction, so the judgment of conviction became final for Section 2255 purposes when the time for appealing his sentence expired. *Clarke v. U.S.*, 703 F.3d 1098, 1100 (7th Cir. 2013). Rule 4(b)(1)(A)(i) of the Federal Rules of Appellate Procedure allows a defendant 14 days from date of sentencing (6/1/2012) to file a notice appeal; therefore, Edward's 14-day period expired on June 15, 2012 and his period to file a §2255 motion under § 2255(f)(1) expired one year later, on June 15, 2013. The Illinois Supreme Court vacated Edwards' predicate offense on September 12, 2013[2]; however, this motion was not filed until September 5, 2023, almost 10 years later, which is well beyond any of the enumerated extensions. As

---

[2] People v. Aguilar, 2013 IL 112116, 2 N.E.2d 321 (Ill. 2013).

such, to the extent this motion is deemed to be brought pursuant to Section 2255, it is denied.

## II.     Expired Federal Sentence

Although Edwards is currently incarcerated, and is therefore, a prisoner, he is confined to the Illinois Department of Corrections. In fact, his sentence in this case has expired as he has completed the term of incarceration as well as the supervised release imposed by Judge Reagan.

Section 2255 empowers a court to grant relief to person now or soon to be in custody serving one of its sentences. Rule 1 of the *Rules Governing Section 2255 Proceedings in the U.S. District Courts*. It does not empower a court to grant relief to someone it has never sentenced, or to someone it has sentenced but whose sentence has expired. *United States v. Lavelle,* 194 F.2d 202 (2d Cir.1952); *United States v. Correa-DeJesus,* 708 F.2d 1283, 1285 (7th Cir.1983.).

## III.    Writ of Error Coram Nobis

While the Court has no power under 2255 to grant Edwards relief from his conviction, Congress has empowered federal courts to "issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651. In fact, the Supreme Court has held that a federal district court has the power to vacate one of its judgments of conviction after the sentence for that conviction has expired when a constitutional right is at stake. *United States v. Morgan,* 346 U.S. 502 (1983). In so holding, the *Morgan* Court reasoned that federal courts had the power to issue what were referred to as writs of *coram nobis* to correct errors "of the most fundamental character" and that Congress did not intend to eliminate that power when it enacted Section 2255. *Id.* at 512.

In theory, Edwards can challenge the 2011 conviction through the extraordinary "writ of error coram nobis"; however, he must comply with all prerequisites. *United States v. Hawkins,* 973 F.Supp. 825, 827 (S.D.Ill. 1997) (citing *U.S. v. Lewis*, 902 F.2d 576, 577 (7th Cir. 1990)). This ancient common-law remedy is available to correct errors of fact and law in criminal cases, but only when: "(1) the error alleged is 'of the most fundamental character' as to render the criminal conviction 'invalid'; (2) there are 'sound reasons' for the defendant's 'failure to seek earlier relief'; and (3) 'the defendant continues to suffer from his conviction even though he is out of custody.' "*United States v. Wilkozek*, 822 F.3d 364, 368 (7th Cir. 2016). In addition to the foregoing, coram nobis is also subject to the doctrine of laches. *Hawkins,* 973 F.Supp. at 827. In other words, a Court may bar relief if the movant filed the writ after significant delay and no "sound reasons [exist] for failure to seek appropriate earlier relief." *Correa–DeJesus,* 708 F.2d at 1286 (*quoting United States v. Morgan,* 346 U.S. at 512).

Is the error so fundamental as to render the conviction invalid? No. Edwards does not argue that he was not a convicted felon on September 28, 2011 nor does he claim actual innocence of the offense of Felon in Possession of Firearm. Instead, he argues that the predicate offense has been found unconstitutional, but that belies the fact that he was still a convicted felon at the time of this incident.[3] Edwards also ignores the fact that he agreed that his conduct violated the essential elements of the offense as follows,

> "FIRST: Prior to September 28, 2011, Defendant had been convicted in a court of a crime punishable by imprisonment for a term exceeding one year;
>
> SECOND: On or about September 28, 2011, Defendant knowingly possessed a firearm; and,

---

[3] According to the PSR, Edwards was convicted of the felony offense of First Degree Murder in St. Clair County, Illinois cause number 88-CF-740 on June 27, 1989 (Doc. 23).

  THIRD:  The firearm possessed by Defendant had traveled in foreign or interstate commerce prior to Defendant's possession of it." (Doc. 16).

Are there sound reasons why Edwards failed to seek reasons sooner? No. Edwards' motion is silent as to why he filed his motion almost 10 years after the Illinois Supreme Court found the AUUW statute unconstitutional. *People v. Aguilar*, 2013 IL 112116, 2 N.E.2d 321 (Ill. 2013). As such, a court can bar a motion when the plaintiff fails to provide a satisfactory, or any, explanation for the delay. *Correa-DeJesus*, 708 F.2d at 1286. As for whether Edwards continues to suffer, this Court cannot assign any continued suffering to this conviction because his status as a felon did not change because of *Aguilar*.

## CONCLUSION

For the foregoing reasons, this Court **DENIES** Defendant Lonnie Edwards' Motion to Vacate Conviction.

**IT IS SO ORDERED.**

**DATED: November 15, 2023**

                */s/ Stephen P. McGlynn*
                **STEPHEN P. McGLYNN**
                **U.S. District Judge**